Per Curiam.

Although a majority of the members of this court are of the opinion that the proviso provision of Section 1465-61, General Code, is unconstitutional, fewer than sis members are of that opinion, and, under Section 2, Article IV of the Constitution, this court cannot declare the proviso unconstitutional. Therefore, the' relator is not entitled to the relief prayed for.
The demurrer to the amended petition is sustained and a writ of mandamus denied.

Writ denied.

Middleton, J.
In my opinion the proviso is unconstitutional but I agree with all that is said by Judge *217 Taft with respect to the scope of a holding of unconstitutionality. I disagree with Judge Taft only as to the position taken by him in the last two sentences of his opinion.
Tart, J.
Belator’s claim is based upon Section 1465-61, General Code, which included within the definition of “employee,” as used in the Workmen’s Compensation Act, “regular members of lawfully constituted police and fire departments of cities and villages. ’ ’ However, the same paragraph of that statute contains a proviso “that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen’s or firemen’s pension funds” except to a limited extent not involved in the instant case. It is apparent, therefore, that the General Assembly expressed an intention not to include a fireman such as relator within the definition of “employee.”
In order to avoid the effect of that expressed intention, relator contends that the proviso is unconstitutional and void. However, if relator is correct in that contention, relator cannot prevail if the effect of declaring void the proviso will be to declare void the provision for including within the definition of “employee” the “members of lawfully constituted police and fire departments of cities and villages.” In my opinion, that would necessarily be the effect of relator’s contention. Otherwise, the statute would be given a meaning with respect to a fireman such as relator directly contrary to the intention expressed by the words which the General Assembly used. In short, this court would be construing the legislative language as conferring benefits upon a fireman such as relator in an instance where the General Assembly had expressly and specifically stated that such a fireman was not to be included among those who were to have those *218 benefits. In my opinion, no amount of mental gymnastics can justify such a result.
As stated in the opinion by Welch, J., in State, ex rel. McNeal, v. Dombaugh, Clerk, 20 Ohio St., 167, 174:
“The legislative intention must not be confounded with their power to carry that intention into effect. To refuse to give force and vitality to a provision of law is one thing, and to refuse to read it is a very different thing. 'It is by a mere figure of speech that we say an unconstitutional provision of a statute is ‘stricken out.’ For all the purposes of construction it is to be regarded as part of the act. The meaning of the • Legislature must be gathered from all they have said, as well from that which is ineffective for want of power, as from that which is authorized by law. Read in this way the meaning of the section admits of no controversy. ’ ’
Again, in State, ex rel. Wilmot, v. Buckley, 60 Ohio St., 273, 296, 54 N. E., 272, it is said in the opinion by Burket, J.:
“It is urged, however, that if this exception makes the act unconstitutional, the exception should be disregarded, and the act held valid as operating uniformly throughout the state. The answer to this is that the court has no law-making power, and cannot extend a statute over territory from which it is excluded by the General Assembly. A court can hold a whole act unconstitutional because it is not broad enough, that is, because it is not of uniform operation throughout the state; but it cannot extend an act which is too narrow, so as to take in territory which was left out by the General Assembly. In the case of an exception, the General Assembly never enacted the statute in the excepted territory, and the court has no power to enact it therein.”
In 11 American Jurisprudence, 855, Section 161, it is said:
*219 “One important class of cases in which questions as to the severability of valid and invalid portions of an act and the determination of the legislative intent are involved consists of statutes containing invalid exceptions or provisos. The general rule is that if such a proviso operates to limit the scope of the act in such a manner that by striking out the proviso, the remainder of the statute would have a broader scope either as to subject or territory, then the whole act is invalid, because such extended operation would not be in accordance with the legislative intent. * * * In all such cases the exception of a particular group from the provisions of a general statute may have been a material consideration with the Legislature in the passage of the act, and the courts may properly infer that it would not have been enacted if such group had not been excluded from its operation and protected from its provisions.”
See, also, Connolly v. Union Sewer Pipe Co., 184 U. S., 540, 46 L. Ed., 679, 22 S. Ct., 431, and State, ex rel. Wilson, County Solicitor, v. Lewis, Aud., 74 Ohio St., 403, 78 N. E., 523.
It may be observed that the proviso in the instant case was not added as an amendment to the statute at a time when the statute had previously provided generally for firemen and policemen, in which event it is arguable that a different conclusion might follow. See 11 American Jurisprudence, 856, 857, Section 161.
In support of the contention, that the proviso can be declared unconstitutional without in any way affecting other parts of the statute, reliance has been placed upon Section 26-2, General Code. However, as stated by Stewart, J., in State, ex rel. Squire, Supt., v. City of Cleveland, 150 Ohio St., 303, 336, 82 N. E. (2d), 709:
“Although consideration must be given to the fact that an act contains a separability clause, such a clause *220 is not conclusive for the reason that if one section of an act is unconstitutional and its exclusion from the act still leaves such act unconstitutional because the court has not the authority to supply what the General Assembly omitted, the whole act should be declared unconstitutional. ’ ’
Since the contention which relator makes as to the unconstitutionality of the proviso will necessarily lead to the conclusion that the preceding provision of Section 1465-61, General Code, for “members of * * * fire departments” is likewise void, that contention cannot provide relator with any basis for the relief which he seeks. It is, therefore, not necessary to consider the soundness of relator’s contention in order to determine, as I believe we must, that relator is not entitled to the writ prayed for. It is elementary that a statutory provision will not be declared unconstitutional unless it is necessary to make such declaration in order to decide the case before the court.